# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN LOVE, <br>     Plaintiff | Civil No. 3:16-cv-452 |
| v. | (Judge Mariani) |
| DCP COUNTY DETERMINT PRISON, *et al.*, <br>     Defendants | |

## **MEMORANDUM**

On March 14, 2016, Plaintiff, Brian Love, an inmate currently confined at the Dauphin County Prison, Harrisburg, Pennsylvania, initiated the instant civil rights action. (Doc. 1). At the same time he filed the complaint, Plaintiff filed a motion for leave to proceed *in forma pauperis*. (Doc. 2). An initial screening of the complaint has been conducted, and for the reasons set forth below, the motion to proceed *in forma pauperis* will be granted, and the complaint will be dismissed.

**I.**     **Screening Provisions of the Prison Litigation Reform Act**

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. *See* 28 U.S.C. § 1915(e)(2),[1] 28 U.S.C. § 1915A.[2] The Court is required to identify

---

[1]   Section 1915(e)(2) of Title 28 of the United States Code provides:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A(b). This initial screening is to be done as soon as practicable and need not await service of process. *See* 28 U.S.C. § 1915A(a).

## II. Discussion

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. *See* 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

---

        (A) the allegation of poverty is untrue; or
        (B) the action or appeal --
            (i) is frivolous or malicious;
            (ii) fails to state a claim on which relief may be granted; or
            (iii) seeks monetary relief against a defendant who is immune from such relief.

[2] Section 1915A(b) of Title 28 of the United States Code provides:

(b) On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
        (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
        (2) seeks monetary relief from a defendant who is immune from such relief.

*Id.*; *see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). See also *Barna v. City of Perth Amboy*, 42 F.3d 809, 815 (3d Cir. 1994).

Additionally, "[t]o establish liability for deprivation of a constitutional right under § 1983, a party must show personal involvement by each defendant." *Keys v. Carroll*, 2012 U.S. Dist. LEXIS 137930, *26 (M.D. Pa. 2012), *citing Ashcroft v. Iqbal*, 556 U.S. 662, 676-77 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).

In the instant action, the complaint alleges in its entirety as follows:

> I am Railway owner & Railway Rights owner of US & Pa tracks & Right/ King of Everything. I am detered [sic] DCP and I demand my release as King and the one who makes the trains move. Move on and release me at once...

(Doc. 1, pp. 2-3). As relief, Plaintiff seeks release from custody and requests that the Court vacate his sentences. (*Id.* at p. 3).

Named as Defendants are the Dauphin County Prison, Dauphin County Probation

Office, and Elizabeth State Police. (*Id.* at p. 2). Based on the following standards, the Defendants are clearly not persons and may not be sued under § 1983. Moreover, the Dauphin County Probation Office and the Elizabeth State Police are immune from suit under the Eleventh Amendment.

Section 1983 creates a cause of action against every "person" who under color of state law deprives an individual of a right secured by the Constitution or federal statute. *See* 42 U.S.C. § 1983. It is well-settled that "prisons and other correctional facilities are not 'persons' within the meaning of § 1983." *Ogden v. Huntingdon County*, 2007 U.S. Dist. LEXIS 59808, *7 (M.D. Pa. 2007) (Conner, J.). Accordingly, the Dauphin County Prison is not a "person" within the meaning of § 1983 and is not a suitable entity for a § 1983 claim.

Regarding Defendants Dauphin County Probation Office and Elizabeth State Police, federal courts cannot consider suits by private parties against states and their agencies unless the state has consented to the filing of such a suit. *See Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89 (1984); *Christy v. Pennsylvania Turnpike Commission*, 54 F.3d 1140 (3d Cir.), *cert. denied*, 516 U.S. 932 (1995). This immunity extends to suits asserting civil rights violations where the state is named as a defendant. *See Laskaris v. Thornburgh*, 661 F.2d 23, 26 (3d Cir. 1981). Further, claims against state officials in their official capacities are suits against the state and thereby barred by the Eleventh Amendment. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991). The State Police Department is

entitled to sovereign immunity. *See Luck v. Mount Airy, No. 1, LLC*, 901 F. Supp. 2d 547, 558 (M.D. Pa. 2012). In addition, "Pennsylvania's judicial districts, including their probation and parole departments, are entitled to Eleventh Amendment immunity." *Haybarger v. Lawrence County Adult Probation and Parole*, 551 F.3d 193, 198 (3d Cir. 2008). Congress has not abrogated this immunity, nor has Pennsylvania waived its rights under the Eleventh Amendment. *See* 42 Pa.C.S.A. § 8521(b). Further, as stated above, an essential element of any claim under § 1983 is that the alleged wrongdoing was committed by a "person." 42 U.S.C. § 1983. "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The Dauphin County Probation Office and the Elizabeth State Police are both considered arms of the Commonwealth of Pennsylvania. Since Pennsylvania has not consented to suit, these Defendants are immune from suit under the Eleventh Amendment. Moreover, neither Defendant is a person as required under § 1983.

## III. <u>Conclusion</u>

Based on the foregoing, the Court is confident that service of process is unwarranted in this case, and the complaint will be dismissed. An appropriate Order shall issue.

Date: March 31, 2016

Robert D. Mariani
United States District Judge